IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| TIMOTHY LEE SHAVERS, #130 742 | * |
| Petitioner, | * |
| v. | *   2:05-CV-817-WKW |
|  | (WO) |
| WARDEN B. MITCHELL, *et al*., | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Timothy Shavers, on August 25, 2005. Petitioner challenges his conviction for murder entered against him by the Circuit Court for Montgomery County, Alabama, on December 14, 2001. On January 15, 2002 the trial court sentenced Petitioner to life imprisonment without the possibility of parole.

Petitioner appealed his conviction.[1] Appellate counsel filed an *Anders* brief.[2] The Alabama Court of Criminal Appeals granted Petitioner an opportunity to raise *pro se* issues with his counsel and the appellate court but he did not do so. By memorandum entered

---

[1] The trial court granted trial counsel's request to withdraw and appointed new counsel to represent Petitioner on appeal. (Doc. No. 10, Exh. A at 62 of 111.)

[2] *Anders v. California*, 386 U.S. 738 (1967).

September 20, 2002 the Alabama Court of Criminal Appeals affirmed the conviction noting that from it's review of the record it could find no basis for any valid issue contesting Petitioner's conviction and sentence. The appellate court entered a certificate of judgment on October 8, 2002. Petitioner did not file an application for rehearing or a petition for writ of certiorari with the Alabama Supreme Court. (Doc. No. 8, Exhs. B, C, D.)

Petitioner filed a post-conviction petition with the trial court on September 30, 2002.[3] The trial court appointed counsel to represent Petitioner in the proceedings and held an evidentiary hearing on April 14, 2004. By order dated August 5, 2004 the trial court denied Petitioner's Rule 32 petition. Petitioner appealed the trial court's decision to the Alabama Court of Criminal Appeals. The appellate court affirmed the lower court's judgment on February 18, 2005 and entered a certificate of judgment on March 9, 2005. (Doc. No. 8, Exhs. F-I, Doc. No.10, Exh. E.)

In the instant petition, Petitioner asserts that 1) the prosecution withheld exculpatory evidence, 2) counsel allowed him to testify knowing that he was mentally unstable, 3) his conviction was based on circumstantial evidence, and 4) he is entitled to the protections of the Constitution like all American citizens. (Doc. No. 1.) Respondents filed an answer in which they contend that Petitioner's habeas petition is due to be denied because all of his

---

[3] Respondents incorrectly identify the filing date of Petitioner's Rule 32 petition as October 8, 2003. (Doc. No. 8 at 3.) The record evidence before the court reflects that the post-conviction petition was filed in the Circuit Court for Montgomery County on September 30, 2002. (Doc. No. 10, Exh. E at 3.)

claims for relief are procedurally defaulted. In support of their procedural default argument, Respondents contend that Petitioner's claims were never presented to the state courts. (Doc. No. 11.) The court granted Petitioner an opportunity to respond to Respondents' contention but he did not do so. (Doc. No. 12.) After reviewing the § 2254 petition and Respondents' answer, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

Respondents assert that Petitioner has procedurally defaulted all the claims presented in his habeas corpus petition. In support of their default argument, Respondents maintain that Petitioner failed to present his claims to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, Respondents maintain that Petitioner raises his claims for relief for the first time in his petition to this court under 28 U.S.C. § 2254. Because Petitioner's claims are raised for the first time in this petition, Respondents contend that the claims are procedurally barred from federal review. (Doc. No. 11.) *Gray v. Netherland,* 518 U.S. 152,

161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). Petitioner's claims are, therefore, defaulted due to his failure to present his claims for relief on direct appeal and/or in a state post-conviction petition.

In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules unless the petitioner makes either a showing of cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman*, 501 U.S. 722, or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). To establish cause excusing a procedural default, a petitioner must show that the default resulted from an "objective factor

external to the defense that prevented the [petitioner] from raising the claim[s] and which cannot be fairly attributable to his own conduct," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that the defaulted claims raise issues that were "intrinsically beyond [a] *pro se* petitioner's ability to present them. *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990).

The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his claims in the state courts properly and prejudice resulting from this failure. Petitioner filed no response. Thus, Petitioner has demonstrated neither cause for his failure to present the claim considered defaulted to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.

"If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant,* 499 U.S. 467, 494-95 (1991). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray v. Carrier*, 477 U.S. at 496). "To establish actual innocence, [Petitioner] must

5

demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner fails to make the requisite showing. Petitioner presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Timothy Shavers be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 24, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of September 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE